.FILED
SUPERIOR COURT
OF GUAM

2025 FEB 14 AM 10: 47

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIF ANTOUN PHILIPS, M.D.,<br><br>Defendant. | CIVIL CASE NO. CV0478-18<br><br>**DECISION AND ORDER GRANTING MOTION FOR RELIEF AND TO SET ASIDE ABEYANCE** |

The Court addresses Plaintiff Pitt County Memorial Hospital's (PCMH) Motion for Relief and to Set Aside Order of Abeyance. The Court ordered the abeyance following a Notice for Removal filed in the United States District Court for the District of Guam. PCMH has requested to set aside the abeyance now that the District Court has dismissed the removal with prejudice; Defendant Dr. Sherif Antoun Philips opposes, citing a pending appeal to the Ninth Circuit. Given the District Court's dismissal and remand, and the lack of a stay pending the appeal, the Court grants PCMH's motion.

## I. PROCEDURAL BACKGROUND

This action enforces a North Carolina Judgment, which this Court has determined is entitled to full faith and credit. Dec. & Order Re Mot. Judicial Notice and Summ. J at 1 (Jan. 23, 2019); Judgment (Jan. 24, 2019). Dr. Philips has been declared Philips a vexatious litigant by the Guam Supreme Court and this Court. *RSA-Tumon, LLC v. Pitt Cty. Mem'l Hosp.*, 2023

ORIGINAL

Guam 8;[1] Dec. and Order Declaring Sherif A. Philips a Vexatious Litigant (Oct. 4, 2023).

In November 2023, the Court issued an Order to Show Cause compelling Dr. Philips to explain why he should not be held in contempt for failing to abide by a Payment Order and his failure to appear at a deposition. Order to Show Cause (Nov. 16, 2023). It also amended an Order finding Dr. Philips in contempt of Court for failing to pay attorney's fees and costs or appear for a Judgment Debtor Examination, and warned Dr. Philips of the additional penalty of imprisonment. Order Amending June 9, 2023 Contempt of Court Order (Nov. 16, 2023). The Court set an in-person hearing for December 20, 2023 to address the Order to Show Cause.

However, instead of complying with those Orders, Dr. Philips removed the case to the United States District Court for the District of Guam. This Court issued a Notice of Abeyance Pending Remand citing a potential lack of jurisdiction. Not. Abeyance Pending Remand (Dec. 14, 2023).

The District Court has now fully heard the removal issue and has held that this Court properly had jurisdiction. *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 23-00025, 2024 WL 5132119 at *4 (D. Guam Dec. 17, 2024). The District Court determined that it lacked federal question jurisdiction and diversity jurisdiction, and even if Philips could establish subject matter jurisdiction, his removal attempt was not timely. Like this Court and the Guam Supreme Court, the District Court further declared Philips a vexatious litigant.[2] *Id.* at *9. Philips has appealed this decision to the Ninth Circuit.

---

[1] *RSA-Tumon, LLC*—a related interpleader case—provides a full recounting of the procedural background of this matter.

[2] The full procedural background for this matter and its removal to the District Court of Guam can be found in the District Court's Decision and Order Re Objections to the Magistrate Judge's Report and Recommendations on the Motion to Dismiss and Vexatious Litigant Declaration.

## II.  LAW AND DISCUSSION

Citing Guam Rule of Civil Procedure 60(b)(6), PCMH seeks to set aside the abeyance. Rule 60(b)(6) provides relief from judgments or orders for "any other reason justifying relief from the operation of the judgment." In *Liljeberg v. Health Services Acquisition Corp.*, the United States Supreme Court considered providing relief under Federal Rule of Civil Procedure 60(b)(6) to vacate a judgment because of the disqualification of a justice, judge, or magistrate judge.[3] 486 U.S. 847 (1988). The Supreme Court stated that in considering this under Rule 60(b)(6), it is "appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. The Court recognizes that the ultimate relief requested by PCMH is different from that requested in *Liljeberg*, however, the Court believes the *Liljeberg* factors offer guidance on how to render a determination under Rule 60(b)(6).

PCMH argues that not setting aside the abeyance will lead to a significant injustice for PCMH, will lead to injustice in other cases through setting a precedent on how to evade the judicial system, and will undermine the public's confidence in the judicial system as PCMH is owed their "day in court" now that the District Court has affirmed the Superior Court's jurisdiction. Pl.'s Mot. & Mem. P. & A. in Supp. Relief at 2-3 (Dec. 18, 2024). Philips' opposition detailed his appeal pending in front of the Ninth Circuit Court of Appeals. He argues

---

*Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, No. CV 23-00025, 2024 WL 5132119 (D. Guam Dec. 17, 2024).

[3] Guam Rule of Civil Procedure 60(b)(6) is modeled after the Federal Rule of Civil Procedure 60(b)(6). As such, the Court looks to jurisprudence interpreting FRCP 60(b)(6).

ORIGINAL

that the District Court's decision is not finalized until the Ninth Circuit completes review. Def.'s

Opp'n Br. at 1 (Dec. 19, 2024). Further, Philips states his transfer to the District Court was

appropriate under the Rooker-Feldman Doctrine and that the Guam courts failed to apply "Rule

54(2)(b)(d)." *Id.* at 2, 5. PCMH responded stating that despite the pending appeal, the Superior

Court of Guam has jurisdiction given that neither a motion for stay of proceedings nor a required

bond equal to the amount of the unpaid judgment has been posted or filed. Pl.'s Reply in Supp.

Mot. Relief at 2 (Dec. 20, 2024). PCMH additionally notes that Philips asserts previously

rejected arguments like the Rooker-Feldman Doctrine, which the District Court's decision

denied, and "Rule 54(2)(b)" and states the necessity of enforcing the Pre-Filing Sanctions Order.

*Id.* Philips' Reply states that the Guam Superior Court and Guam Supreme Court failed to apply

"Rule 54(2)(b)" and again asserted his belief that jurisdiction is proper with the District Court

under the Rooker-Feldman Doctrine and subject matter jurisdiction. Def.'s Reply to Pl.'s Mot. at

1 (Dec. 23, 2024). Philips appears to assert that the Superior Court must wait until the Ninth

Circuit finalizes their decision and requests the Court to place sanctions on PCMH for

harassment and filing meritless motions. *Id.* at 4.

The Court starts by addressing Philips' argument that the Court is unable to rule on this

Motion while his Ninth Circuit appeal is pending. The Court disagrees with Philips. The Court

refers to the Guam Supreme Court's reasoning in *RSA-Tumon, LLC*—a related case that Dr.

Philips unsuccessfully tried to remove to federal court. 2023 Guam 8. "Philips ... tried to appeal

that order of remand to the Ninth Circuit, despite black letter law that an order of remand is not

reviewable." *Id.* ¶ 25. Similarly to the current circumstances, black letter law again holds that an

order of remand is not reviewable. Additionally, the Court agrees with PCMH that the Superior

ORIGINAL

Court retains the ability to decide this motion as Philips has not filed a motion for stay of proceedings and has not posted the required bond equal to the amount of the unpaid judgment.

The Court now turns to the merits of PCMH's Motion and starts its analysis by applying Rule 60(b)(6) and the *Liljeberg* factors. The first factor considers the risk of injustice to the parties. The Court determines that there is a serious risk of injustice to PCMH if the abeyance is not set aside. Now that the District Court has determined that jurisdiction properly rests with the Superior Court, this Court has the authority to move forward in managing this action. Without setting aside the abeyance, PCMH will be seriously injured in their ability to collect the judgment. The second factor considers the risk that the denial of setting aside the abeyance will produce injustice in other cases. The Court believes that setting aside the abeyance is necessary to prevent Philips from evading the judgment against him and agrees with PCMH's argument that failure to provide relief may set an improper precedent. Finally, the Court considers the third factor of the risk of undermining the public's confidence in the judicial process if relief is not provided. The Court determines that the public's confidence in the judicial process will be severely undermined if Philips is allowed to evade the judgment against him. In both of Philips' responses, he fails to adequately address Rule 60(b)(6) and fails to provide evidence or arguments that the Court should not provide PCMH's requested relief under this rule. As such, the Court finds that all three factors support granting PCMH's motion.

## III. CONCLUSION AND ORDER

The Court finds sufficient grounds to set aside the December 14, 2023 abeyance under Rule 60(b)(6) and GRANTS PCMH's Motion.[4] The Court shall reissue the Order to Show

---

[4] The Court declines to issue the various sanctions requested by the parties.

Cause which was pending at the time the matter was remanded.

**SO ORDERED, 14 February 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL